Frederick Carroll (CA Bar No. 227628)
Andres Holguin-Flores (CA Bar No. 305860)
ACLU Foundation of San Diego and Imperial Counties
2760 Fifth Ave #300
San Diego, California 92101
(619) 232-2121
fcarroll@aclu-sdic.org
aholguinflores@aclu-sdic.org

Kathy Manley NYS 3935467*
Law Office of Kathy Manley
26 Dinmore Road
Selkirk, NY 12158
518-635-4005
Mkathy1296@gmail.com

*Pro hac vice forthcoming

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GUAMAN-PINTO,<br><br>*Petitioner,*<br><br>v.<br><br>GREGORY ARCHAMBEAULT, Enforcement and Removal Operations, San Diego Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director of Immigration and Customs Enforcement; Kristi Noem, Secretary, U.S. Department of Homeland Security; CHRISTOPHER LAROSE, warden at Otay Mesa Detention Center; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement,<br><br>*Respondents.* | Civil Case No. **'26 CV 1716 JES BLM**<br><br>**MEMORANDUM OF LAW FOR TEMPORARY RESTRAINING ORDER** |

# TABLE OF CONTENTS

Introduction …………………………………………………………………………. 1

Statement of Facts…………………………………………………………………… 1

Legal Standard……………………………………………………………………... 1

Argument ………………………………………………………………………….. 2

    A.  Petitioner Is Likely to Succeed on the Merits of His Claim That His Re-Detention Is Unconstitutional and Unlawful……………………………. 3

    B.  Petitioner Will Suffer Irreparable Harm Absent Injunctive Relief………….. 4

    C.  The Balance of Hardships and Public Interest Weigh Heavily in Petitioner's Favor……………………………………………………………………. 4

Conclusion…………………………………………………………………………. 5

**TABLE OF AUTHORITIES**

**Cases**

*All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011)……………………… 2

*Cornejo v. Andrews,* 2026 US Dist. LEXIS 17546 (EDCA 2026)…………………….. 3

*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613 (9th Cir. 2021)……………… 2

*F.S.S.M. v. Wolford,* 2025 US Dist. LEXIS 254953 (CDCA 2025)…………………… 3

*Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017)………………………………… 4

*J.Y.L.C. v. Bostock,* 2025 US Dist. LEXIS 222436 (DOR 2025)……………………… 3

*Lucero v. Bondi,* 2026 US Dist. LEXIS 37781 (SDCA 2026)………………………… 3

*Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)…………………………….. 4

*Mercado v. Francis*, 2025 U.S. Dist. LEXIS 232876 (SDNY 2025)………………… 3

*Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208 (WDWA 2019)………………… 4, 5

*Nken v. Holder*, 556 U.S. 418 (2009)…………………………………………………. 4

*Raudales-Valle v. Driver,* 2026 US Dist. LEXIS 37925 (SDCA 2026)……………….. 3

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832 (9th Cir. 2001)……… 2

*Tekbas v. LaRose,* 2025 US Dist. LEXIS 268487 (SDCA 2025)…………………….… 3

*Velazquez-Beltran v. Noem,* 2026 US Dist. LEXIS 39070 (SDCA 2026)……………… 3

*Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005)………………………………… 4

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)……………………………… 2

*Zayas v. Gordon,* 2026 US Dist. LEXIS 21405 (SDCA 2026)………………………… 3

*Zepeda v. I.N.S.*, 753 F.2d 719 (9th Cir. 1983)………………………………………… 4


**Rules, Statutes, and Regulations**


8 USC 1225(b)(2)………………………………………………………………………… 3

8 USC 1226 ……………………………………………………………………………… 3

Trafficking Victims Protection Reauthorization Act (TVPRA)……………………….. 3

## INTRODUCTION

Petitioner Jorge Guaman-Pinto ("Petitioner") faces immediate irreparable harm absent this Court's intervention. Despite being an unaccompanied minor with a credible fear of returning to Ecuador, despite being released to his uncle in 2023, and despite having always appeared when directed, Petitioner was detained by ICE on January 12, 2026. He has now been held more than two months, and he respectfully asks this Court to order his release, and enjoin Respondents from re-detaining him without compliance with constitutional provisions and the Trafficking Victims Protection Reauthorization Act (TVPRA.)

## STATEMENT OF FACTS

Jorge Guaman-Pinto is a 20-year-old Ecuadoran national who fled Ecuador due to extreme violence and entered the United States as an unaccompanied minor, at the age of 17, on or about August 17, 2023. (Exhibit "B," at 1, Notice to Appear) He made a credible fear claim at that time. (Exhibit "C, Form I-213)

Petitioner was released to his sponsor, Ruben Dario Guaman Tenegusñay (his uncle), by the Office of Refugee Resettlement on or about August 26, 2023 and given a Notice to Appear. *See* Declaration of Kathy Manley, Exhibit "B" at 1, 6. He always appeared when directed. Mr. Guaman-Pinto was residing with his uncle in Albany, New York between August, 2023 and his arrest on January 12, 2026. No circumstances have changed that make Mr. Guaman-Pinto a flight risk or danger to the community, nor has ICE even sought to claim any such change in circumstances.

On January 12, 2026, Mr. Guaman-Pinto was a passenger in a vehicle in Schenectady, New York, which was pulled over by law enforcement. He was then detained by ICE, and taken to the Buffalo Federal Detention Center, where he remained until approximately February 23, 2026, when he was transferred to the Otay Mesa Detention Center near San Diego, CA, where he remains. Upon information and belief, at no time following Mr. Guaman-Pinto's arrest did ICE give any individualized reason for his detention.

Mr. Guaman-Pinto had hired an immigration attorney, Rochelle Inger, who has since appeared for him a few times in removal proceedings. However, she stated to undersigned counsel that she does not do asylum applications. Undersigned counsel does not practice in immigration court. However, on March 6, 2026, Petitioner hired a new immigration attorney who will prepare his asylum and withholding application very soon.

## LEGAL STANDARD

To obtain a temporary restraining order (TRO), a moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-40 & n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). In this Circuit, courts employ "an alternative 'serious question' standard, also known as the 'sliding scale' variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation omitted). Under this approach, the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A TRO may be granted where there are "'serious questions going to the merits' and a hardship balance. . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are met. *Id.* at 1132.

## ARGUMENT

This Court should issue a temporary restraining order because "immediate and irreparable injury . . . or damage" is occurring and will continue in the absence of an order. Fed. R. Civ. P. 65(b). Respondents have re-detained Petitioner in violation of his due process and statutory rights. This Court should order Petitioner's release, and prevent Respondents from improperly re-detaining him.

Emergency relief is necessary because Petitioner has already been unlawfully detained for more than a month. His immediate release to his prior conditions is necessary to restore the status

quo pending the resolution of this habeas petition.

### A. Petitioner Is Likely to Succeed on the Merits of His Claim That His Re-Detention Is Unconstitutional and Unlawful.

Petitioner is likely to succeed on the merits of his claim that his re-detention violates the Due Process Clause, and governing statutes and regulations. Petitioner has been detained by the government for more than two months.

As set forth in more depth in the Petition, Petitioner was, at the time of arrest and detention by Respondents, *not* "seeking admission" to the United States. He was already residing in the United States. 8 U.S.C. § 1226 governs the detention of individuals residing within the United States, like Petitioner, and implements a discretionary detention regime with the opportunity for release. However, ICE claims improperly that he was detained under 8 U.S.C. § 1225(b)(2.)

The proper statutory interpretation of the INA, consistent with decades of practice, is that an individual in Petitioner's circumstances who is placed into removal proceedings is detained under 8 U.S.C. § 1226(a.). *See, i.e., Zayas v. Gordon,* 2026 US Dist. LEXIS 21405 (SDCA 2026); *Velazquez-Beltran v. Noem,* 2026 US Dist. LEXIS 39070 (SDCA 2026); *Raudales-Valle v. Driver,* 2026 US Dist. LEXIS 37925 (SDCA 2026); *Lucero v. Bondi,* 2026 US Dist. LEXIS 37781 (SDCA 2026); *Tekbas v. LaRose,* 2025 US Dist. LEXIS 268487 (SDCA 2025.); *see also J.Y.L.C. v. Bostock,* 2025 US Dist. LEXIS 222436 (DOR 2025) (listing many cases across the country); *Mercado v. Francis*, 2025 U.S. Dist. LEXIS 232876 (SDNY 2025) (Appendix A, citing 350 cases across the country)

Because Petitioner's detention should be governed by Section 1226(a), the application of the mandatory detention statute, 8 U.S.C. 1225(b), to Petitioner is unlawful under the Immigration and Nationality Act.

In addition, as also discussed further in the Petition, because Petitioner was detained by ICE after being released as an unaccompanied minor pursuant to the TVPRA, his detention is a violation of his due process rights. *F.S.S.M. v. Wolford,* 2025 US Dist. LEXIS 254953 (CDCA 2025); *Cornejo v. Andrews,* 2026 US Dist. LEXIS 17546 (EDCA 2026.)

Therefore, based on the foregoing, there is a strong likelihood of success on the merits.

**B.       Petitioner Will Suffer Irreparable Harm Absent Injunctive Relief.**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Where the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (quoting 11A Charles Alan Wright et al., *Federal Practice and Procedure*, § 2948.1 (2d ed. 2004)). "Unlawful detention certainly constitutes 'extreme or very serious' damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017).

Here, the irreparable harm to Petitioner is severe. He has already been unreasonably deprived of over two months of his life in immigration detention following his improper arrest. Absent injunctive relief, Petitioner will remain detained in an indefinite and prolonged state, denied his liberty, and removed from his family and community, and even if released, will face arbitrary re-detention.

**C.       The Balance of Hardships and Public Interest Weigh Heavily in Petitioner's Favor.**

The final two factors for a preliminary injunction—the balance of hardships and public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[T]he balance of hardships tips decidedly in plaintiffs' favor" when "[f]aced with such a conflict between financial concerns and preventable human suffering." *Hernandez*, 872 F.3d at 996 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983)).

Here, the balance of hardships tips solidly in Petitioner's favor. Petitioner faces weighty hardships: deprivation of his liberty. "[T]he [government] cannot reasonably assert that it is

harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). Moreover, it is always in the public interest to prevent violations of the Constitution and ensure the rule of law. *See Nken*, 556 U.S. at 436 (describing public interest in preventing noncitizens "from being wrongfully removed, particularly to countries where they are likely to face substantial harm"); *Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208, 1218 (W.D. Wash. 2019) (when government's treatment "is inconsistent with federal law, . . . the balance of hardships and public interest factors weigh in favor of a preliminary injunction."). Accordingly, the balance of hardships and the public interest overwhelmingly favor emergency relief.

<b>CONCLUSION</b>

For the foregoing reasons, the Court should immediately grant Petitioner's temporary restraining order.

Respectfully submitted this 18th day of March, 2026.

By: *s/ Frederick Carroll*
Frederick Carroll (CA Bar No. 227628)
Andres Holguin-Flores (CA Bar No. 305860)
ACLU Foundation of San Diego and Imperial Counties
2760 Fifth Ave #300
San Diego, California 92101
(619) 232-2121
fcarroll@aclu-sdic.org
aholguinflores@aclu-sdic.org

Kathy Manley NYS 3935467*
Law Office of Kathy Manley
26 Dinmore Road
Selkirk, NY 12158
518-635-4005
Mkathy1296@gmail.com

*Pro hac vice forthcoming*

*Attorneys for Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2026, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court for the United States District Court – Southern District of California by using the CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/Andres Holguin-Flores*
Andres Holguin-Flores