UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE GUAMAN-PINTO,

Petitioner,

v.

GREGORY ARCHAMBEAULT,
Enforcement and Removal Operations,
San Diego Field Office Director, U.S.
Immigration and Customs Enforcement;
Todd Lyons, Acting Director of
Immigration and Customs Enforcement;
Kristi Noem, Secretary, U.S. Department
of Homeland Security; CHRISTOPHER
LAROSE, warden at Otay Mesa Detention
Center; U.S. Department of Homeland
Security; U.S. Immigration and Customs
Enforcement,

Respondents.

Case No.: 26-cv-1716-JES-BLM

**ORDER:**

**(1) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND TRO;**

**(2) SETTING BRIEFING SCHEDULE; and**

**(3) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**

**[ECF Nos. 1, 2]**

Before the Court are Petitioner Jorge Guaman-Pinto's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for Temporary Restraining Order ("TRO"), both filed on March 18, 2026. ECF Nos. 1, 2.

Respondent is **ORDERED TO SHOW CAUSE** as to why the Petition and TRO should not be granted by filing a Response no later than 5:00 p.m. on **Tuesday, March 24,**

1

26-cv-1716-JES-BLM

**2026**. The Response shall include **any documents relevant to the determination of the issues raised in the Petition and TRO** and address whether an evidentiary hearing on the Petition is necessary. Respondent **SHALL SERVE** a copy of the Response on the Petitioner. Petitioner may file an optional Traverse in support of the Petition and TRO no later than 5:00 p.m. on **Wednesday, March 25, 2026**. After the petition has been fully briefed, the Court will determine whether it is appropriate to take the matter under submission or if oral argument will be required.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: March 19, 2026

Honorable James E. Simmons Jr.
United States District Judge

2

26-cv-1716-JES-BLM