UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE GUAMAN-PINTO,

                                    Petitioner,

v.

GREGORY ARCHAMBEAULT,
Enforcement and Removal Operations,
San Diego Field Office Director, U.S.
Immigration and Customs Enforcement;
Todd Lyons, Acting Director of
Immigration and Customs Enforcement;
Kristi Noem, Secretary, U.S. Department
of Homeland Security; CHRISTOPHER
LAROSE, warden at Otay Mesa Detention
Center; U.S. Department of Homeland
Security; U.S. Immigration and Customs
Enforcement,

                                    Respondents.

Case No.: 26-cv-1716-JES-BLM

**ORDER:**

**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS; and**

**(2) DENYING APPLICATION FOR TRO AS MOOT**

**[ECF Nos. 1, 2]**

Before the Court are Petitioner Jorge Guaman-Pinto's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for Temporary Restraining Order ("TRO"), both filed on March 18, 2026. ECF Nos. 1, 2. Pursuant to the Court's order to show cause, Respondents filed a return to the petition and TRO. ECF No. 4 ("Return").

1

Petitioner declined to file an optional Traverse. For the reasons set forth below, the Court **GRANTS** the petition.

## I.  BACKGROUND

Petitioner, a 20-year-old citizen of Ecuador, entered the United States on August 17, 2023, fleeing violence in his home country. Pet. ¶ 21. He made a credible fear claim at that time. *Id.* On August 26, 2023, Petitioner was released to his sponsor, his uncle, by the Office of Refugee Resettlement. *Id.* ¶ 22. Petitioner states that his release was pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *Id.* ¶ 54. Petitioner resided with his uncle between his release and re-detention, and appeared when directed. *Id.* ¶ 22. Petitioner states that his circumstances have not changed since he was initially granted release. *Id.*

On January 12, 2026, Petitioner was re-detained when a car he was a passenger in was pulled over by law enforcement. *Id.* ¶ 24. Petitioner states that he has not been given any individualized reason for his re-detention. *Id.* Petitioner is in the process of preparing an asylum and withholding application with new immigration counsel. *Id.* ¶ 26.

## II.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

In his petition, Petitioner argues that his re-detention and the manner in which it was carried out violated (1) the Immigration and Nationality Act; (2) the Due Process clause on discretionary grounds; (3) The Due Process clause on TVPRA grounds; (4) the Administrative Procedure Act; and (5) the Fourth Amendment of the Constitution. Pet. ¶¶ 58-67. Respondents argue only that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), but correctly concede that courts have consistently held otherwise. *See generally,* Return. The Court does not find that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) for the reasons set forth in *Martinez Lopez v. LaRose*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457 (S.D. Cal. Oct. 30, 2025). The Court analyzes Petitioner's Due Process claim under the TVPRA below.

The TVPRA governs the detention of unaccompanied minors who are apprehended at or near the U.S. border, and requires them to be "promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(1). The TVPRA allows minors to be released to the custody of guardians upon determination the child is not a danger to themselves or community and does not present a flight risk. *See id.* at 1232(c)(2)(a). Aliens afforded release under the TVPRA have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case. *Saravia v. Session*, 280 F.Supp.3d 1168, 1176-77 (N.D. Cal. 2017); *see also R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255 at *3-6 (E.D. Cal. Sept. 9, 2025). As this Court has previously explained, notice and opportunity to be heard regarding the revocation of a liberty interest like parole or supervised release must be meaningful to be constitutionally sufficient, which requires that the government comport with the requirements of the statutes governing that individual's status. *See Rios v. Noem*, No. 25-CV-2866-JES-VET, 2025 WL 3141207, at *2 (S.D. Cal. Nov. 10, 2025) ("An alien's opportunity to be heard regarding a change in his status is only meaningful if the

government comports with its own internal standards regarding parole revocation. DHS has the authority to revoke an alien's supervised release 'at any time' on a discretionary, but not unlimited, basis."); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629 at *3 (S.D. Cal. Sept. 26, 2025).

The TVPRA requires that the Secretary of Homeland Security consider the "least restrictive placement" available for those who turn 18 and are transferred to its custody, and consider alternatives to detention. 8 U.S.C. § 1232(c)(2)(b). The statute is silent, however, on the revocation of any release already granted under the TVPRA once an individual of such release turns 18. *See id.* Petitioner asserts, and Respondents do not contest, that the rules governing TVPRA release continue to control the revocation of that release after the individual turns 18. Pet. ¶ 40. At least one court in this Circuit has held the same. *R.D.T.M*, 2025 W.L. 2617255 at *4-5. This approach to TVPRA release comports with the due process and regulatory principles the Court has applied in other cases involving previously released aliens: when the government grants someone a liberty interest, it must continue to act under the principles governing that interest and may not arbitrarily re-detain without justification. *See Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025); *Nguyen v. Noem,* No. 25-CV-3062-JES-VET, 2025 WL 3251374, at *3 (S.D. Cal. Nov. 21, 2025); *Sanchez*, 2025 WL 2770629, at *3; *Saengphet v. Noem*, No. 3:25-CV-2909-JES-BLM, 2025 WL 3240808, at *5 (S.D. Cal. Nov. 20, 2025).

Here, Petitioner was granted release under the TVPRA, creating a liberty interest protected by the Due Process clause and a requirement that the government adhere to its own regulations regarding his re-detention. *See* Pet. ¶ 54. Petitioner alleges, and Respondents do not contest, that there were no changed circumstances or individualized findings in Petitioner's case justifying his re-detention. *Id.* ¶ 23. The manner in which Petitioner was re-detained reflects this, because Petitioner was taken to immigration detention after being a passenger during a traffic stop with apparently no regard for his existing TVPRA release. *Id.* ¶ 24. Because there are no changed circumstances or other

4

factors in this case justifying re-detention, any notice and opportunity to be heard that did occur could not have been meaningful. *Id.* ¶ 23; *see Rios,* 2025 WL 3141207 at *2 (S.D. Cal. Nov. 10, 2025). Accordingly, the Court finds that Respondents violated the due process rights afforded to Petitioner under his TVPRA release when they re-detained him on January 12, 2026.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on due process grounds, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **March 30, 2026**, confirming that Petitioner has been released. The Court **DENIES AS MOOT** the remainder of Petitioner's claims and the application for TRO. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge